United States District Court
Southern District of Texas
ENTERED
July 29, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **MARIO FRUCTUOSO GONZALEZ GONZALEZ,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:26-CV-05561** |
| | § | |
| **TODD BLANCHE, *et al.*,** | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

Before the Court is Respondents' Motion to Stay (ECF No. 11). Respondents request that the Court stay its order granting Petitioner's habeas petition pending the Fifth Circuit's *en banc* ruling in *Sosnava Rodriguez*. The Court notes that it already provided Respondents with the opportunity to brief this issue in its Order of July 22, 2026 (ECF No. 8). The Court has already considered and denied Respondents' request to hold this case in abeyance pending disposition of *Sosnava Rodriguez*. ECF No. 10 at 2. The Court wrote:

> "The Court is aware that the Fifth Circuit recently issued a stay in *Sosnava Rodriguez v. Ortega*, 2026 WL 2104747 (5th Cir. July 21, 2026). The Court ordered briefing on the impact of this stay on the instant petition. The Government argued only that, since the issue of due process is pending before the Fifth Circuit, this Court should deny the petition or wait to adjudicate it until after the Fifth Circuit's *en banc* review of *Sosnava Rodriguez*. However, the Fifth Circuit's order does not clearly state what precedential effect, if any, it has on the district courts in general. Such a stay is 'not conclusive as to the merits,' and this Court will not speculate as to the Fifth Circuit's unstated intentions. *Trump v. Boyle*, 145 S. Ct. 2653, 2654 (2025). Even assuming that the stay has some precedential effect, this Court's decision rests on substantive due process grounds, not the procedural due process reasoning at issue in *Sosnava Rodriguez*. For these reasons, the Court finds that the stay has no effect on its ruling on Petitioner's claims." ECF No. 10 at 2.

For the same reasons articulated in its previous order, Respondents' Motion to Stay (ECF No. 11) is **DENIED**. The Court's prior order for release remains in effect. The deadline for release was today, July 29, 2026. The Court will allow Respondents **24 hours** from entry of this order to comply with the Court's order for release. Respondents are reminded that they have been ordered to file an advisory with the Court **on or before July 30, 2026,** informing the Court of the status of Petitioner's release.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on July 29, 2026.

Keith P. Ellison
United States District Judge